EMERSON W. PEET, APPELLANT, v. DAVID O'BRIEN, AND ABSALOM TIPTON, APPELLEES.

1. **Pleading:** ANSWER. Every defense to an action, whether partial or entire, must be set up in the answer.

2. **Taxes:** LIEN OF PURCHASER. The tax lien given to the purchaser at a tax sale by section 61 of the act of 1869, does not extend beyond the time limited by law to redeem the land.

3. ———: FORECLOSURE OF TAX LIEN. An action to foreclose, by a purchaser of land at a tax sale, will not lie until the expiration of the two years allowed the owner to redeem the land, nor until there is a failure of the title acquired by him under the law.

APPEAL from the district court of Otoe county. Tried below before POUND, J. The case is stated in the opinion.

*Montgomery & Son,* for appellant, cited Gen. Stat., Chap. 66, Secs. 51, 61. Laws 1875, 107. *Dale v. Mc-Evers,* 2 Cow., 118. *Parker v. Baxter,* 2 Gray, 185. *Isaacs v. Decker,* 41 Ind., 410. *Oldhams v. Jones,* 5 B. Mon., 458. *Smith v. Smith,* 15 Kan., 290. *Curl v. Watson,* 25 Iowa, 35. *Gillett v. Webster,* 15 Ohio, 623. *Wakeley v. Nicholas,* 16 Wis., 588.

*S. S. Morehouse* and *J. C. Watson,* for appellees, cited *Johnson v. Hahn,* 4 Neb., 139. Cooley on Taxa-

tion, 407. Blackwell on Tax Titles, 171. *Catterlin v. Douglass*, 17 Ind., 214. *Hart v. Henderson*, 17 Mich., 218.

GANTT, J.

On the seventh day of December, 1874, the plaintiff purchased from the treasurer of Otoe county, the northeast quarter of section twenty-six, in township eight, range fourteen, east, at private sale, for the delinquent taxes for the years 1871, 1872 and 1873, and at the same time received a certificate of purchase for each years tax; and afterwards paid the taxes on the same land for the years 1874 and 1875. The defendant, David O'Brien, was the owner of the property. The plaintiff commenced this suit on the 27th day of May, 1876, by petition in the nature of a foreclosure of the three several certificates of purchase to enforce the payment of the taxes paid by him on the purchase, and also the taxes subsequently paid by him together with the interest thereon. The defendant, O'Brien, pleaded a general denial, and admitted the mortgage lien of defendant, A. Tipton. Defendant Tipton simply pleaded his mortgage as a first lien on the land, and then for further answer, alleges that at the time of the purchase by plaintiff, the defendant O'Brien "had, previous to that time, and ever since," sufficient personal property out of which the taxes could have been made. It is admitted, that the statements in the plaintiff's petition are true, and that defendant O'Brien, at the time of such sale of the land, and at times subsequent, had sufficient personal property, out of which the taxes could have been made by distress and sale.

Now in regard to defendant Tipton, it is only necessary to observe, that a mortgagee must protect his mortgage security by the discharge of all taxes lawfully assessed upon the land.

But, in respect to defendant O'Brien, it must be observed, that, he fails to plead as a defense, that at the time the taxes became payable, and subsequently until the date of the sales, he had and owned sufficient personal property, out of which the taxes could have been made by distress and sale. Such *an answer, sustained by the proofs, would constitute a good defense; for, it has been held, under the statutes then in force, that " so long as a sufficient amount of such personal property could be found in the county, and be distrained and sold for such tax, a sale of the land would be illegal and absolutely void." *Johnson v. Hahn,* 4 Neb., 139. *Catterlin v. Douglas,* 17 Ind., 214. *Rathburn v. Acker,* 18 Barb., 396. But to make such defense available, the facts must be specially pleaded.

Every defense to an action, whether partial or entire, must be set up in the answer. The court determines upon the issues raised by the pleadings, and, therefore, the *allegata et probata* must agree.

Again, it will be observed, that the plaintiff made his purchases of the land from the county treasurer, and received his certificates of purchase on the seventh day of December, 1874, and that he commenced this action of foreclosure, on the 26th day of May, 1876, and within one year and six months after the date of his purchase. Will such an action lie before the expiration of the two years allowed by law for redemption by the owner, after the date of the sale of the land? I think not. The law was not intended to give the purchaser such right of action immediately after he receives his certificates of purchase, nor at any time during the two years allowed for redemption by the owner. Under section sixty-four of the revenue act, he has two years to redeem; and it is clearly the plain intent and object of the law, that during this time, he cannot be subjected to any cost or expense by suit or legal proceedings by the purchaser, in respect

to the land; and, therefore, it seems clear, that the action will not lie, prior to the expiration of the two years.

It was, however, strongly insisted, that the plaintiff, not only had the right of action to foreclose on his certificates of purchase; but also, that by virtue of his purchase, he acquired a perpetual lien upon the land paramount to all other liens. These propositions present the important questions: 1. Will the lien of the tax acquired by the purchaser, under section sixty-one, extend beyond the time limited for the redemption of the land by the owner? 2. When will an action to foreclose lie, under our revenue laws?

Now, in respect to the lien acquired by the purchaser, it is provided by section fifty-one, of the act of 1869, that taxes upon real property shall be a perpetual lien thereon, from the first day of March, of the current year, against all persons and bodies corporate, except the United States and this state. Section sixty-one provides for the issuance of the certificate to the purchaser by the county treasurer, and gives him a lien of the taxes on the land, and for taxes paid by him for any year or years previous or subsequent to the sale. Section sixty-four provides, that the owner or occupant of the land sold for taxes, or any other persons, may redeem the same, at any time within two years after the date of the sale, by paying to the county treasurer for the use of such purchaser, his heirs, or assigns, the sum mentioned in the certificate, and all other taxes subsequently paid by him, whether for any year or years previous or subsequent to the sale, together with the interest thereon allowed by law from the date of such payments. And section sixty-seven provides, that if no person shall redeem the land within two years, then, after the expiration thereof, the treasurer shall, upon presentation to him of the certificate, execute to the purchaser, his heirs, or assigns, in the name of the state, a conveyance of the real estate sold.

Now, when these sections are examined together, it seems evident, that section sixty-one was intended merely to transfer to and invest in the purchaser, the lien of the tax, until the expiration of the time limited for the redemption of the land as provided by section sixty-four; and this construction seems clear and conclusive, when these sections are considered in connection with section one hundred and four of the same act. This last mentioned section provides, that the deed executed by the county treasurer shall be *prima facie* evidence of certain facts therein mentioned; and that in all suits involving the title to the land claimed and held under such deed, the party claiming adverse title shall be required to prove, in order to defeat said title, either of certain things named in the section, but " in no event shall a decree or judgment be rendered against the purchaser, until the claimant    *    *    *    shall have paid over to the county treasurer, for the use of the purchaser in case judgment be rendered against him, the amount necessary to redeem the land at that date, at the same rates as are provided by law in cases where land is redeemed within two years from the date of the sale." This section seems clearly to exclude the idea of a tax lien on the land in favor of the purchaser after the expiration of the time for the redemption of the land. If it were not so, why does this section give to the purchaser another and different security for the taxes he has paid, in case his title fails? The whole scope and object of the sections referred to seem designed to protect the purchaser from any incumbrance or disposition of the property by the owner during the time limited for redemption, to give him the deed for the land at the expiration of this time, and by section one hundred and four to secure him the tax money he may have paid, in case this title by deed should thereafter fail. The act certainly contemplates the execution of the deed after the expiration of the time

limited to redeem; the certificate gives the purchaser a mere equitable interest in the property, which may ripen into a title by the execution of the deed, in case the land is not redeemed within the two years; but if the redemption shall be made, then this equitable interest becomes absolutely null and void. But the payment of tax money required to be made by section one hundred and four, must be construed as applying to cases in which the treasurer had authority to sell, and not to cases in which he, without any authority of law, made the sale.

Now, when will the action to foreclose lie? The act of 1869 does not give any such right of action; but section seven of the act of June 6th, 1871, provides, that whenever the title acquired by the purchaser shall fail, he shall have a lien on the real estate purchased by him, and may foreclose. This section expressly declares, that "whenever the *title* acquired by the purchaser at the treasurer's sale shall *fail*, the purchaser at such sale, his heirs, or assigns, shall have a lien on the real estate so purchased," for the taxes paid by him, and may foreclose such lien in manner directed for foreclosing mortgages. When does this lien attach? The law says, whenever the title shall fail. When does this title fail? When it shall be pronounced invalid by the judgment or decree of a court having jurisdiction over the subject matter. What may be foreclosed by the statutory provision? It is clearly this lien which attaches whenever the title fails. What is this title? According to the plain intent and object of the revenue law, it must necessarily be the title acquired by virtue of the failure of the owner to redeem within the time limited by the law.

But does the act of February 19, 1875, in any respect affect the former revenue laws? Assuming this to be a valid act, it provides by section ten, that it shall be construed as cumulative and not exclusive, in respect to the remedy of enforcing liens; and shall in no wise interfere

with, alter, or amend, the existing revenue laws of this state. Section one provides, that any person or corporation having, by virtue of any provisions of the tax revenue laws of this state, a lien upon any property for taxes assessed thereon, may foreclose such lien by an action in the nature of a foreclosure of a mortgage. Section seven of the act of 1871 gives the lien, and declares when it shall attach; but section two of the act of 1875, gives the right of action to foreclose upon the certificate of purchase or deed within five years after the date of the sale, and, therefore, it seems to vest in the purchaser, under the certificate, a title which may fail, and on the failure of which, a lien may attach and a foreclosure be had.

Upon a careful examination of the revenue laws relative to the questions raised in this case, I am of opinion that this action cannot be maintained until the expiration of the time limited by law to redeem, nor, until there is a failure of the title acquired by the purchaser under the law; that until both these events occur the court has no jurisdiction in an action of foreclosure; and, therefore, the finding must be for the defendants, and the cause be dismissed.

DECREE ACCORDINGLY.