THE BOARD OF COUNTY COMMISSIONERS OF OTOE COUNTY, PLAINTIFF IN ERROR, v. H. H. GRAY, DEFENDANT IN ERROR.

Taxes: VOID TAX SALE: LIABILITY OF COUNTY TO PURCHASERS. Section 71 of the general revenue act (Gen. Stat., 924) was not intended to, and does not, apply to a sale of land by the treasurer where the tax had been previously paid, but only to a sale made in the enforcement of a tax actually levied and delinquent, and where, in consequence of the omission of some requisite statutory step in making it, the purchaser fails to secure the title.

ERROR to the district court of Otoe county.

H. H. Gray, defendant in error, filed his claim with the county commissioners of Otoe county, asking that the county refund to him $34.11, alleged to have been by him paid into the treasury of said county on March 11, 1875, for the sale to him of certain real estate by the treasurer thereof for delinquent taxes for the year

1873. The claim stated that the purchase for said delinquent taxes was made at private sale; that the tax for 1873 on said real estate had been paid by the owner long prior to the sale to defendant in error; that the treasurer to whom the owner had paid said tax had neglected to note the fact of such payment on the tax book, and that by reason thereof the erroneous sale was made on the date aforesaid. The amount claimed by defendant in error was $34.11, with interest thereon at forty per centum per annum from March 11, 1875, the date the said sum was paid to said treasurer on said erroneous sale for taxes. The board of commissioners allowed defendant in error $34, with interest thereon from March 11, 1875, at ten per cent per annum. From this order defendant in error appealed to the district court, and filed his petition therein setting forth the above facts, including the proceedings had before the county commissioners, and his appeal from the order of allowance made by them, and in his petition praying for judgment against plaintiff in error for the sum of $34.11, with interest thereon at forty per cent per annum from March 11, 1875, and costs. To this petition the plaintiff in error filed a general demurrer, which the court, POUND, J., presiding, overruled, and plaintiff in error electing to stand on its said demurrer, the court rendered judgment in favor of defendant in error, and against plaintiff in error, for the sum claimed, and interest at forty per cent per annum for two years from date of the sale, and twelve per cent thereafter to date of judgment, to reverse which the board of commissioners brought the cause here on a petition in error.

*Covell & Ransom*, for plaintiff in error.

The petition states that the tax was paid before it became delinquent, namely, April 30, 1874. Then

there could be no sale of this land for the non-payment of the tax of 1873, as the sale must be based on the non-payment of the tax, and can be based on nothing else. Cooley on Taxation, p. 322. No liability arose in favor of defendant and against the county, unless there was a delinquent tax against the land, and the treasurer attempted to sell the land for the non-payment of this delinquent tax, and unless by reason of mistake made by the revenue officers, or wrongful act done by them, the law had not been complied with, and the land had been sold contrary to the provisions of the revenue act. There must be some mistake or wrongful act made and done by some one of the revenue officers in and about the preparing and making of the sale of the land for non-payment of tax, or no liability will rest on the county. But when the mistake is discovered, or the wrongful act is shown, it must also appear that at the time of sale there was a delinquent unpaid tax on the land, and that for the non-payment of this, the treasurer sold. Plainly there must be something on which to base a sale, or the county will not be liable. The only thing that a sale should be based on did not exist. The mistake mentioned in the petition is not such a one as is contemplated in section 71 of the revenue act. Gray voluntarily paid the money to the treasurer, and paid it at his own risk, and with the money thus paid to the county treasurer neither the commissioners nor the county have had anything to do. *Commissioner v. A. T. & S. F. R. R. Co.*, 21 Kan., 748.

*Groff & Montgomery*, and *M. Montgomery & Son*, for defendant in error, contended that the sale alleged in the petition was within the phrase " contrary to the provisions of the revenue act," calling attention especially to the following express provisions in the act:

sec. 55, pages 917, 918, providing that the notice for the sale of lands shall contain a description of all lands on which the taxes of the preceding year remain unpaid; sec. 56, page 918, providing for a sale "of all lands on which the taxes levied for the preceding year still remain unpaid;" sec. 62, page 921, requiring a private sale of all lands unsold at public sale, "on which taxes remain *unpaid;*" sec. 104, page 932, in which payment of the taxes by the landowner before the sale is made one of the grounds on which a tax sale may be defeated; particularly sec. 43, page 914, which declares the duty of the treasurer when taxes are paid. He "shall write on the tax duplicate opposite the description   *   *   *   the word *paid,* together with the date, etc."

The failure of the treasurer to perform his duty, was the cause of the sale in the case at bar.

LAKE, J.

The action below was brought under sec. 71 of the general revenue act [Gen. Statutes, 924], which is as follows: "When by mistake or wrongful act of the treasurer or other officer, land has been sold contrary to the provisions of this act, the county is to save the purchaser harmless by paying him the amount of principal and interest to which he would have been entitled had the land been rightfully sold; and the treasurer or other officer and their sureties shall be liable for the amount on their bonds to the county, or the purchaser may recover the amount directly from the treasurer or other officer making such mistake or error."

The district court sustaining the view of this section taken by counsel for the defendant in error, held it to be applicable to the state of facts set forth in the pe-

tition, from which it appears that at the time of the alleged sale there was no tax against the land, it having been previously paid by the owner. But we are of the contrary opinion, and accordingly hold that it was not intended to, and does not apply to such a state of facts as we have here, but only where the sale is made in the enforcement of a tax actually levied, which has become delinquent, and where, in consequence of an omission to observe the requisite statutory steps in making it, the purchaser fails to secure the title.

According to the petition the claim of the purchaser does not rest upon the fact of the sale having been defeated by reason of some irregularity or omission by some officer of the revenue, of any formality essential to its validity, but substantially on the fact that, for want of jurisdiction in the treasurer over the land, the pretended sale was absolutely void.

As to the jurisdiction of the treasurer in this matter, there can be no doubt, we think, that it ceased immediately upon the payment of the tax, and that thenceforward, in all that he did, he was a mere wrong-doer, to whom the statute was no protection, and for whose acts the county is in no wise answerable under the section above quoted.

Having determined that the purchaser can have no aid from the statute on which he chiefly relies to sustain the judgment of the district court, we must next inquire whether, independently of the statute, the petition states a cause of action against the county. At first, and without much reflection, we were disposed to hold that the county might be held liable for the money as being received for the plaintiff's use under the allegation in the petition: " That at said sale the plaintiff paid said Otoe county, by the hands of its treasurer, on account of said purchase, the sum of

$34.11." But a more careful consideration leads us to the conclusion that such a ruling is unwarranted, and that the demurrer to the petition ought to have been sustained.

We are of the opinion that this allegation shows nothing more than that the money in question was paid into the hands of the county treasurer just as money paid at tax sales usually is, to be credited by him to the various funds for which taxes were levied for that year, as is required by sec. 44 of the revenue act, and to be properly accounted for in his settlement with the county commissioners. And, in the absence of any averment on the subject, the only legitimate inference is, that the sum so paid to the treasurer was the aggregate amount of all the various items required to be levied annually for state, county, school, and road purposes, of which probably less than a moiety would in any event belong or go to the county, or be subject to the control of its board of commissioners. For instance, the county treasurer is required to pay the portion levied for all state purposes over to the state treasurer, and that levied by direction of the several school districts over to the treasurers thereof respectively.

From this it must be seen that, even conceding the application of this money according to the statutory rule, the county has taken but a portion thereof, the amount of which is unknown to us, and unascertainable from anything contained in the record. This being so, it would certainly be exceedingly unjust to require the county to make good the whole sum paid to the treasurer, and in the absence of a statute so directing there is no rule by which it can be done.

In addition to what we have already said, there is at least one sufficient reason why, under the facts of this petition, the county should not be held liable for any

part of the money. In addition to directing the treasurer what he shall do with money received by him on account of taxes, the statute provides for stated settlements to be made by him with the board of commissioners, in which he "is to be charged with the amount of all tax lists placed in his hands for collection, and credited with the amount collected thereon, and the delinquent lists." [Gen. Statutes, 925, sec. 77.] The amount of money received by the county and credited to the treasurer on account of the levy against the land in question can therefore be definitely known only by the result of such settlement, but of which the petition does not advise us.

For these reasons the judgment of the district court must be reversed, the demurrer to the petition sustained, and the cause remanded for further proceedings, if desired, not conflicting with this opinion.

REVERSED AND REMANDED.