CHARLES BATTELLE, TRUSTEE, v. COUNTY OF DOUGLAS.*

FILED JULY 1, 1902.   No. 12,085.

Commissioner's opinion, Department No. 1.

1. Illegal Taxes: PAYMENT: ACTION: LIMITATION: DEMAND.   Section 180 of chapter 77, article 1, Compiled Statutes of Nebraska, prevents bringing any action against the county for refunding payments on illegal tax-sale, after five years have elapsed without any demand for a deed or action of foreclosure.

2. Tax-Sale Certificate.   Where right of action on tax-sale certificate has been permitted to lapse, it carries with it all right to recover for subsequent taxes paid by the purchaser on the same property.

ERROR from the district court for Douglas county. Tried below before KEYSOR, J.   *Affirmed.*

*Charles Battelle,* for himself.

*George W. Shields, contra.*

HASTINGS, C.

November 27, 1897, the receiver of the German National Bank filed with the county board of Douglas county a request for the refunding of $1,334.97, purchase money and interest paid upon sale for taxes upon nine items of real estate in Douglas addition, seven of which were sold July

*This case appears in 91 N. W. Rep., 412, as *McCague v. Douglas County.*

1, 1892, the other two November 14th in that year. It is claimed that the amount due at that date on the several certificates was this sum of $1,334.97. The refunding was claimed on the ground that it had then been adjudicated that the property in question had during the entire time since the taxes were levied belonged to Douglas county, and was consequently not taxable. Fifty-three dollars and sixty cents of this amount, being subsequent taxes paid in 1894, was allowed and the rest disallowed. An appeal was taken by the receiver, and a petition filed in the district court, alleging his receivership, alleging the application for the $1,334.97 in repayment of the tax purchases, for the reason above stated; the allowance of the $53.60; that the property during all of the time belonged to Douglas county, and asking a judgment for $1,334.97 and interest at 10 per cent. A general demurrer was sustained to this petition. Under leave, the receiver amended, setting up the same matters as before, and in addition alleging that on February 5, 1895, in an action brought against Douglas county, it was adjudged that the admitted conveyance of the property in Douglas addition by Douglas county was void, and that the title during all of the times since the levy of the taxes for which it had been sold was in Douglas county, and further setting up that the county of Douglas continued to assert the validity and regularity of the proceedings resulting in the sale of said lots until January 7, 1897, when this court affirmed the judgment and directed a peremptory writ of mandamus to the county board of Douglas county for the repayment of the moneys received by Douglas county from the several purchasers of said lots, and alleging that by reason of its assertion in that action of a conveyance of the lots, the county was estopped from denying its liability to reimburse plaintiff for the money paid out for purchase of the county property at tax sale. Another paragraph was added to the effect that any collection of taxes or any payment of taxes over to the city on the part of the county, was void and without the consent of the

plaintiff or its assignors. Motion was made to strike out
these additional allegations as being redundant and ir-
relevant, and a departure from the pleadings before the
board of county commissioners. This motion was sus-
tained. Afterwards another demurrer was filed to the
petition, and this was sustained and the action dismissed.
From this dismissal, error is prosecuted to this court. It
is claimed that the district court erred in sustaining the
first demurrer, erred in sustaining the motion to strike
the additional paragraphs in the amended petition, and
erred in sustaining the final demurrer.

The ground for the action taken by the district court
seems to have been the belief that the action as originally
presented to the board of county commissioners was
barred by the statute of limitations as to the principal
items, namely, the original purchase money paid in 1892.
The first petition contained no allegation and made no
special reference to the payment of subsequent taxes.
These subsequent taxes were included in a general state-
ment as to what was due upon the nine certificates, but
there was no allegation of any payment subsequent to the
original purchases of July 1st and November 14th, 1892.
The first demurrer seems, therefore, to have been properly
sustained, as the petition shows nothing paid except on
tax sales made on and prior to November 14, 1892, and
the claim in question was filed on November 27, 1897.
The amended petition, however, states that a schedule of
the various amounts paid on these premises is attached,
marked "Exhibit A," and that the certificates represent
an actual and bona-fide payment of taxes, "under said
schedule set forth" and the schedule discloses various
payments in 1894.

Plaintiff's claim, of course, is based on section 131 of
the revenue law, which is as follows: "When by mistake
or wrongful act of the treasurer or other officer land has
been sold on which no tax was due at the time, or when-
ever land is sold in consequence of error in describing
such land in the tax receipt, the county is to hold the pur-

chaser harmless by paying him the amount of principal and interest and costs to which he would have been entitled had the land been rightfully sold, and the treasurer or other officer and their bondsmen will be liable to the county to the amount of their official bond; or the purchaser, or his assignee, may recover directly of the treasurer or other officer, in an action brought to recover the same in any court having jurisdiction of the amount, and judgment shall be against him and his bondsmen; but the treasurer or other officer and their bondsmen shall be liable only for their own and deputies' acts." Compiled Statutes, ch. 77. The action of the court in striking out the allegations as to the legal proceedings by which the legality of the sale of the premises in question, made by Douglas county, was tested, and by which it was finally ascertained that this real estate was during all of the time the property of Douglas county, seems to have been based on the idea that there could be no departure from the issues as made before the board of county commissioners. If so, the district court was clearly in error. The county commissioners are not a court, and no formal pleadings are required, and on appeal nothing is necessary except the preservation of the identity of the claim presented. *Sheibley v. Dixon County,* 61 Nebr., 409. The allegations, however, that the county was, up till January, 1897, asserting that it had conveyed the lots, and that only then was it finally determined by action of this court that these lots had not been conveyed away, but were still the property of Douglas county, are hardly material allegations pertaining to this claim. Although the county in other litigation was asserting the validity of the conveyances of these lots, and by consequence the validity of this proceeding in taxing them, surely a stranger who had purchased them at tax sale was not at liberty to take no steps in asserting his claim, either against the property or the county. He is prevented now by the provisions of section 180 of the revenue law, which are: "If the owner of any such certificate shall fail or neglect

either to demand a deed thereon, or to commence an action for the foreclosure of the same, as provided in the preceding sections, within five years from the date thereof, the same shall cease to be valid or of any force whatever, either as against the person holding or owning the title adverse thereto, and all other persons, and as against the state, county, and all other municipal divisions thereof." Compiled Statutes, ch. 77. There is no allegation that any action was commenced on these certificates, or any deed demanded, prior to the filing of this claim against the county on November 27, 1897. As above stated, the last sale was on November 14, 1892. More than five years thereafter had elapsed without any action on the part of the purchaser, and it would seem that the final clause of section 180 destroyed the validity of these certificates as against Douglas county. *Fuller v. Colfax County,* 33 Nebr., 716. It would seem, therefore, that the action of the trial court in sustaining the second demurrer was right and proper, and that the error, if there was one, in striking out the allegations of the estoppel, was immaterial. The right claimed here is a statutory one, and is given to the tax purchaser as such. The showing in the exhibit to the amended petition of the subsequent payment of taxes in 1894 is of no avail as a ground of recovery for the tax purchase. The latter lay at the foundation of the claim, and had lost its validity.. It does not seem that the fact that the county was asserting in an action with another party the validity of its sale of the property can be held to operate to keep these certificates alive, in the face of this provision of the statute. As a plea of estoppel against the defendant's putting up the defense of limitations, the allegations of the paragraphs stricken out are clearly inadequate. They make no claim that this action of the county in asserting in other litigation that it had conveyed away the property had anything to do with the failure to assert the tax lien. The recovery for taxes paid is simply by reason of holding the tax-sale certificate. It was simply by reason of holding these sale certificates

that plaintiff was entitled to either pay these taxes or recover for them. When the claim upon the certificates was lost under section 180, the claim for subsequent taxes paid under them went with it.

It is not necessary to consider the defendant's claim as to the unconstitutionality of section 131 of the revenue law.

It is recommended that the action of the district court be affirmed.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the above opinion, the judgment of the district court is

AFFIRMED.