JOHN S. GREGORY AND J. H. McMURTRY, PLAINTIFFS IN ERROR, v. CHARLES CAMERON, DEFENDANT IN ERROR.

1. **Stay of Execution in Probate Court.** A judgment was rendered in the probate court of Lancaster county for over one hundred dollars. *Held*, that execution thereon could have been legally stayed only by complying with section 481 of the code of civil procedure.

2. ————: MERE UNDERTAKING BY SURETIES ALONE NOT SUFFICIENT. The requirement of the statute that the defendant "shall enter into a bond, with one or more sufficient sureties," etc., is not answered by giving a mere undertaking, *executed by sureties alone*.

3. ————: ————. The acceptance of such an instrument by the probate judge, *the plaintiff not being a party to it*, was a void act, and neither prevented the immediate enforcement of the judgment by execution, nor bound the sureties to its payment.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

The opinion states the case.

*Brown & Marshall*, for plaintiffs in error.

The pretended stay-bonds were not stay-bonds at all, certainly not such as required by statute, and being purely statutory bonds, were nullities unless made in strict conformity to the statute directing the same. These pretended stay-bonds were executed before the law of 1875, amending the law of stay-bonds, was approved, and are therefore governed by section 481 of the civil code. The instruments claimed to be stay-bonds, under the above cited statute, fail to be such. First. Because the defendant does not join in the instrument as required, and there is therefore no principal. Second. There is no *condition* or *penalty* recited therein upon which payment shall be made. Third. The instruments do not run to the plaintiff, they do not even run to any

person at all, and there is therefore *no obligee* named. Fourth. The instruments are nowhere approved by the judge or clerk of the court, as required by law.

"Where a bond is made to a city, when it should be a county, it is a nullity." *Sexton v. Kelley*, 3 Neb., 104. A stay-bond which is a statutory bond must conform substantially to the requirements of the statute in respect to its penalty, condition, form, and number of sureties. *Cutler v. Roberts, ante* p. 4.

A stay of execution being a privilege in derogation of the common law rights of the plaintiff, the party claiming the privilege must bring himself within the statute granting it. *Erie City Bank' v. Compton*, 27 Pa. St., 195. *Cameron v. Sandwich Mfg. Co.*, 6 Neb., 444. *Dickey v. Alley*, 4 Dev., Law, 43. *Byers v. The State*, 20 Ind., 47. *Benedict v. Bray*, 20 Cal., 251.

*Lamb, Billingsley & Lambertson*, for defendant in error.

No brief on file.

LAKE, J.

The defendant in error was surety for Thomas J. Cantlon on a promissory note given to the Lancaster County Bank, on which judgment was duly rendered by the probate court for $191.16 and costs.

Within the time allowed by law, and for the purpose of staying execution, the plaintiffs in error appeared before the probate judge and entered into an undertaking, as follows: "In pursuance of the statute in such case made and provided, J. H. McMurtry and J. S. Gregory, for the purpose of staying the above judgment, do hereby promise and undertake to pay the above judgment, interest, and costs, and the costs that may accrue.

"(Signed)      J. H. McMurtry,
John S. Gregory."

Thereupon a stay was had for the statutory time, at the expiration of which, an execution was issued, and the judgment collected in full from the defendant in error as surety on the note, who then brought his action to recover the amount from the plaintiffs in error as sureties for stay of execution, and recovered the judgment now in controversy. It is the case of an original surety, who, having discharged his liability to the creditor by paying the debt, now seeks to reimburse himself out of the subsequent sureties for stay of execution. And he claims this right under the equitable doctrine of substitution, by which he may stand in the shoes of the creditor, and, by an enforcement of the judgment which he has paid, reimburse himself for the loss sustained.

In his petition, the defendant in error, after a recital of the facts showing the standing of the parties with respect to the original suit, and to each other, alleges that the stay was entered at the sole request of Cantlon, the principal debtor, who then had considerable property, both real and personal, in his own name, so that, but for the stay granted as aforesaid, the judgment would have been collected out of the same; and that a part of said property or real estate was by him conveyed to the said McMurtry at the time, upon consideration in whole or in part that they should so become bound for the payment of said judgment; which real estate the said defendant still owns and holds under said conveyance. And it is further charged "that during the period of stay of the said execution the said Cantlon became and still is utterly insolvent, and has become a non-resident of the state of Nebraska, and has no property therein."

By their amended answer the plaintiffs in error admitted the execution of the note, the recovery of judgment thereon, and its payment by the defendant in error. They also admitted the insolvency of Cantlon, but denied that he was solvent when the judgment was ren-

dered. And they denied all the other allegations of the petition by which the charge that they were sureties in a bond for stay of execution was put in issue.

The case being tried to the court, without a jury, there was a special finding of facts, " that the defendants, John S. Gregory and J. H. McMurtry, became sureties for stay of execution on said judgment at the sole request of Robert J. Cantlon, who was the principal judgment debtor therein, as alleged in said petition." Upon these facts alone, there being no finding as to Cantlon's solvency, nor as to whether the plaintiffs in error were indemnified for becoming sureties, as alleged in the petition, the court found as its conclusion of law, " that, in equity, the plaintiff was entitled to be subrogated to all the rights of the judgment creditor," and to recover from the plaintiffs in error the full amount which he had paid in satisfaction of the judgment, together with interest and costs; and so the judgment was rendered.

Such is the case as made by the record, and it presents two questions: *First.* Whether the plaintiffs in error, by executing the instrument on which the stay of execution was granted, became bound to pay the judgment? and, *secondly*, whether, if such liability were incurred, the original surety on paying the judgment could require them to make good to him the amount paid? From the view we take of the first question, that is decisive of the case, and we shall therefore consider it alone, leaving the second, concerning which there is some conflict in the authorities, until a necessity for its decision shall arise.

At the time this stay was entered the only authority for staying executions on the judgments of probate courts was found in Sec..17 of " An act concerning the organization, powers, and jurisdiction of probate courts," passed March 3, 1873. This section provides that: " Any party against whom a judgment is rendered, on

all sums exceeding one hundred dollars, may have a stay of execution in like manner as upon judgments rendered in the district court, and upon the same conditions; and upon all sums of one hundred dollars and under, the same as provided for in actions before justices of the peace." This judgment exceeded one hundred dollars, and therefore fell within the operation of the first clause of the section, which required the same steps to be taken to procure a stay of execution as if the judgment had been rendered by the district court. And inasmuch as judgments of probate courts are not liens upon the debtor's real estate, this judgment was governed by Sec. 481 of the code of civil procedure, which provides that: "Executions or orders of sale, as the case may be, shall be stayed for the period of one year, whenever the defendant, within twenty days after the rendition thereof, shall enter into a bond to the plaintiff, with one or more sufficient sureties, residents of the county, to be approved by the clerk of such court, conditioned for the payment of the amount of such judgment or decree, together with the interest and costs that may accrue."

The instrument given in evidence on the trial, and on which the stay was allowed by the probate judge, fell far short of answering the requirements of the statute. It was not a bond executed by the defendants to the plaintiff in the judgment, but it was merely an undertaking to pay the judgment, interest and costs, executed by sureties alone. Had the judgment creditor been a party to this undertaking by agreeing to accept it as the consideration for delaying execution for some definite time, the transaction, although not amounting to a statutory stay, could very likely have been upheld and enforced as a common law contract. The enforcement of a statutory stay does not depend upon the assent of the judgment creditor; but, to entitle a party to it, he must at least conform substantially to the requirements of the

law authorizing it. *Howard v. Brown*, 21 Me., 385. *Erie City Bank v. Compton*, 27 Penn. St., 105. *Cutler et al. v. Roberts*, ante p. 4. *Pelham et al. v. Grigg*, 4 Ark., 141. This instrument not being such as the judge was authorized to take, it furnished no real protection to Cantlon, inasmuch as the creditor could have required the immediate enforcement of his judgment by execution, notwithstanding this formal entry of a stay by the judge. Mutuality of obligation, one of the great essentials in contracts generally, is here wholly wanting. The record shows that when this instrument was offered in evidence, in support of the petition, it was duly objected to by the plaintiffs in error on the ground of immateriality; the objection was overruled and an exception taken. In this we think there was error.

The judgment of the court below is reversed, and the cause remanded.

REVERSED.