STATE, EX REL. ALBERT H. STANGE, V. SAMUEL T.
COCHRAN.

[FILED FEBRUARY 19, 1890.]

1. Stay of Execution: UNDERTAKING: PRINCIPAL NEED NOT
SIGN. To obtain a stay of execution on a judgment rendered
by a justice of the peace, it is sufficient if, within ten days after
the rendition of the judgment, a surety, approved by the justice,
enter on the justice's docket into an undertaking with the ad-
verse party " conditioned for the payment of the amount of such
judgment, interest, and costs, and costs that may accrue." The
judgment debtor need not sign the undertaking.

2. Undertaking examined and *held*, sufficient.

ORIGINAL application for *mandamus*.

*Chapman & Geisthardt*, for relator :

An instrument to be upheld as a statutory bond must
comply with all material requirements of the statute. (*Cut-
ler v. Roberts*, 7 Neb., 4; *Gregory v. Cameron*, Id., 414.)
One of the requirements of the present law is that " the
person against whom judgment may be rendered " enter
into an undertaking; and this law is substantially the same
as that construed in *Gregory v. Cameron*. (Code, sec. 1049 ;
sec. 481 [repealed 1875].) One required by statute to
give a bond must join in the same as principal or it will
be void. (*People v. Hartley*, 21 Cal., 585 [82 Am. Dec.,
758].) Only the statutory bond will suffice for the pur-
pose (*Gregory v. Cameron, supra*); but the writing is
void even as a common law bond, being without consider-
ation, and without parties on both sides. The absence of
the principal is not an irregularity which can be cured
under sec. 144 of the Code.

*Stevens & Love, contra:*

A bond, though faulty, and not conforming strictly to the requirements of the statute, becomes operative when approved by the proper officer. (*Tessier v. Crowley*, 17 Neb., 210.) In the Nebraska cases cited by relator the bond was not so approved. Even if not valid as a statutory stay, the bond in this case was duly amended in conformity to sec. 144 of the Code. (*State, ex rel. Cleary, v. Russell*, 17 Neb., 201 ; *Casey v. Peebles*, 13 Id., 9.) If the sureties were deemed insufficient, or the bond faulty, the objection should have been presented below by motion; *mandamus* is not the proper remedy.

MAXWELL, J.

On the 30th day of October, 1889, the relator recovered a judgment against John Bowlby and John Knox before the respondent, a justice of the peace.

On the 4th day of November thereafter the judgment debtors caused to be filed with said justice an undertaking for the stay of execution, as follows :

"A. H. STRANGE
          *v.*
ALLEN BOWLBY AND JOHN
    KNOX, partners doing business under the firm name of Bowlby & Knox.

" We do hereby acknowledge ourselves sureties for the defendants herein, for the payment of the judgment and costs, and interest thereon, rendered by the justice court of the state of Nebraska, in and for city of Lincoln, Lancaster county, in the above entitled action, on the 29th day of October, A. D. 1889, against said defendants, for the purpose of a stay of execution thereon for six months, and to that end we hereby undertake and promise to pay the said judgment, interest, and costs that may accrue at or before the expiration of the said term of the stay of execution, and upon the expiration of said term hereby authorize

and empower the justice of said court to issue execution against us as provided by law.

Dated at Lincoln, the 6th day of November, A. D. 1889.

"W. T. STEVENS.

"D. L. LOVE.

"THE STATE OF NEBRASKA, ⎱ ss.
    LANCASTER COUNTY,        ⎰

"W. T. Stevens and D. L. Love, being duly sworn, depose and say that we are residents and householders and freeholders within Lancaster county, in the state of Nebraska; that we are sureties in the foregoing bond; that we are worth in real estate therein the sum of $500 beyond the amount of our debts, and that we have property liable to execution in the state of Nebraska equal to $500.

"W. T. STEVENS.

"D. L. LOVE.

"Sworn to before me in my presence by W. T. Stevens and D. L. Love this 6th day of November, 1889.

"S. T. COCHRAN,
    "Justice of the Peace.

"The foregoing recognizance and sureties taken and approved by me this 6th day of November, A. D. 1889.

"S. T. COCHRAN,
    "Justice of the Peace."

It is claimed that the instrument in question is void because not signed by the principal debtors, and *Gregory v. Cameron*, 7 Neb., 414, is cited to sustain that position. In that case the judgment exceeded $100, and in such case where judgment was rendered in the county court the provisions for staying execution were the same as in the district court. (Gen. Statutes of 1873, p. 267.) Section 481 of the Code as it existed at that time required the judgment debtor, in order to obtain a stay of execution, to enter into a *bond* to the plaintiff with one or more sufficient sureties, etc. The court held, and properly, that the instrument filed in that case was not a bond, and therefore not a compliance with the statute.

Section 1049 of the Code, however, does not require the judgment debtor to give a bond, but merely to procure the undertaking of one or more sureties, resident of the county, as the justice shall approve, " conditioned for the payment of the amount of the judgment, interest, and costs, and costs that may accrue."

The undertaking in question contains more than the statute requires. Whether some of its provisions could be carried into effect we need not now stop to inquire. It does provide that the sureties will pay the judgment, interest, and costs, and costs that may accrue, and is signed by them. The principal is not required to sign the undertaking, and we have no authority nor inclination to inject words into the statute.

It is apparent that the stay is a valid obligation, and the writ is therefore denied.

WRIT DENIED.

THE other judges concur.