MORRIS MORRISON ET AL. V. GEORGE H. BOGGS ET AL.

FILED MARCH 5, 1895. NO. 6117.

1. **Bonds:** PENALTIES. The object of a penalty in a bond is to fix the limit of the liability of the signers thereof.

2. ———: FORCIBLE ENTRY AND DETAINER. Section 1030 of the Code of Civil Procedure makes the signers of the bond of a defendant, in a forcible detainer suit against whom a judgment of restitution has been rendered, and who appeals, liable, if such judgment shall be affirmed, for the costs of the suit and for the reasonable rent of the premises during the time the defendant wrongfully withholds possession of the premises.

3. ———: ———: MEASURE OF DAMAGES. Said section fixes the measure of damages of the signers of a bond executed in pursuance of its provisions.

4. ———: ———: PENAL SUM NEED NOT BE SPECIFIED. A writing obligatory, whether it be called a bond or undertaking, executed in accordance with the provisions of said section and for the purposes mentioned therein, is not void because no specific sum of money is specified therein as a penalty.

5. ———: ———: SIGNATURE. Whether it is necessary to the validity of the bond mentioned in said section that it be signed as principal by the defendant in the judgment appealed from not decided.

6. **Evidence:** PROCEEDINGS IN COLLATERAL ACTIONS. Where a case is appealed to the district court and the issue in another action is whether the case appealed was tried in the appellate court, a finding made or verdict returned, and a judgment pronounced thereon, such issue can be proved by a certified copy of the record of proceedings had in the case in the appellate court.

7. **Cases Distinguished.** *Grègory v. Cameron,* 7 Neb., 414, and *State v. Cochran,* 28 Neb., 798, distinguished.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J.

*Morris & Beekman,* for plaintiffs in error, cited in addition to cases discussed in the opinion: *Turner v. Lord,* 4

S. W. Rep. [Mo.], 420; *Austin v. Richardson*, 1 Gratt. [Va.], 310; *Farni v. Tesson*, 1 Black [U. S.], 309; *Bragg v. Murray*, 6 Munf. [Va.], 32; *Garrett v. Shove*, 9 Atl. Rep. [R. I.], 901; *Irwin v. State*, 10 Neb., 325.

*J. W. West, contra.*

RAGAN, C.

. George H. Boggs and Lew W. Hill, copartners under the name of Boggs & Hill, brought this suit in the district court of Douglas county against Henry P. Horen, Morris Morrison, and John O'Keefe. The suit was based on a bond, undertaking, or writing obligatory executed in pursuance of the provisions of section 1030 of the Code of Civil Procedure and which was in words and figures as follows:

"Know all men by these presents, that Henry P. Horen, as principal, and Morris Morrison and John O'Keefe, as sureties, are held and firmly bound unto the firm of Boggs & Hill in the penal sum of ——, for the payment of which, well and truly to be made, we jointly and severally bind ourselves. Dated this 19th day of October, A. D. 1888. Whereas in an action of forcible entry and detainer tried before R. D. A. Wade, a justice of the peace of Douglas county, Nebraska, wherein Boggs and Hill *was* [were] plaintiffs and Henry P. Horen was defendant, judgment was rendered by said justice in favor of said plaintiffs, from which judgment the defendant now appeals to the district court: Now, therefore, the condition of this obligation is such that if judgment is rendered against said defendant on said appeal, that he will satisfy said final judgment and costs; and we will satisfy and pay a reasonable rent for the premises during the time he wrongfully withholds the same, then this obligation to be null and void, otherwise remain in full force and effect.    HENRY P. HOREN.

"MORRIS MORRISON.

"JOHN O'KEEFE."

The petition then alleged that the judgment of the justice of the peace was affirmed by the district court on the 9th of August, 1890; that Horen wrongfully withheld the possession of the premises sued for for a period of two years, and that the reasonable rent of said premises for that time was $600, for which sum judgment was prayed. Boggs & Hill had a verdict and judgment, and Morrison and O'Keefe prosecute to this court proceedings in error. Two arguments are relied on here for a reversal of this judgment.

1. The first assignment of error is that the district court erred in admitting in evidence the written obligation made the basis of this suit. The argument is that the obligation sued upon is not a bond within the meaning of section 1030 of the Code of Civil Procedure, the contention being that it is not such bond because no certain sum of money is mentioned in said obligation as a penalty. Section 1030 of the Code provides: "Either party may appeal from the judgment rendered by such justice by giving bond with two responsible sureties to be approved by the justice, conditioned: If the plaintiff appeals to satisfy the final judgment and costs; if the defendant appeals to satisfy the final judgment and costs, and pay a reasonable rent for the premises during the time he wrongfully withholds the same." It will be observed that the obligation sued upon is in exact conformity with this section of the Code. This statute does not require that a bond executed in pursuance of its provisions should have therein any specific sum of money fixed as a penalty for such bond. The object of a penalty in a bond is to fix the limit of the liability of the signers thereof; and the statute, by its provisions, makes the signers of a bond of a defendant in a forcible detainer suit against whom a judgment of restitution has been rendered, and who appeals, liable, if such judgment shall be affirmed, for the costs of the suit and for a reasonable rent of the premises during the time the defendant shall wrong-

fully withhold possession of the premises from the plaint-
iff.    This statute fixes the measure of damages of the
signers of a bond executed in pursuance of its provisions.
It was never the intention of the legislature to invest a
justice of the peace with discretion to make the liability of
the signers of such a bond more or less than that provided
for by the statute.    What guide would a justice of the
peace have for fixing the penalty in a bond of this char-
acter?    How could he determine what length of time the
appeal might be pending?    How could he determine the
reasonable rental value of the premises for an indefinite
time?

Counsel for the plaintiffs in error in support of their con-
tention cite us to *Gregory v. Cameron*, 7 Neb., 414.   Section
481 of the Code of Civil Procedure, in force when that case
was decided, but since repealed, provided that judgments
"shall be stayed     *     *     *     whenever the defendant
*     *     *     shall enter into a bond to the plaintiff with one
or more sufficient sureties," etc.    A judgment was obtained
against Cameron, and McMurtry and Gregory signed a
writing obligatory and had it approved by the probate
court before whom the judgment against Cameron was
rendered in words and figures as follows: "In pursuance of
the statute in such case made and provided, J. H. McMurtry
and J. S. Gregory, for the purpose of staying the above
judgment, do hereby promise and undertake to pay the above
judgment, interest, and costs, and the costs that may accrue."
Suit having been brought on this written agreement signed
by McMurtry and Gregory, the court held that the writing
obligatory signed by them did not satisfy said section 481
of the Code; that the issuing of an execution on said judg-
ment against Cameron was not stayed by the execution of
said instrument and its approval, and that, therefore, the
signers were not liable.    The court said: "It was not a
bond executed by the defendants to the plaintiff in the
judgment, but it was merely an undertaking to pay the

judgment, interest, and costs, executed by sureties alone."
In other words, the court held that said section 481 re-
quired the writing obligatory to be executed by the judg-
ment debtor as principal and by sureties in order to prevent
the issuing of an execution for the satisfaction of a judg-
ment.    But in the case at bar the writing obligatory, called
a bond, was signed by the defendant, against whom the
judgment was rendered, as principal, and by the plaintiffs
in error as sureties.    *Gregory v. Cameron, supra,* then is
not an authority in this case.

Another case relied on by the plaintiffs in error is *State
v. Cochran,* 28 Neb., 798.    That case involved a construc-
tion of section 1049 of the Code, which provides that a
defendant against whom a judgment had been rendered
may stay an execution "by entering into an undertaking
with [to] the adverse party   *   *   *   with good and suf-
ficient surety,   *   *   *   conditioned for the payment of
the amount of said judgment,   *   *   *   which under-
taking shall be entered on the docket of the justice and
be signed by the surety."    One Strange recovered a judg-
ment against Bowlby and Knox, and for the purpose of
staying an execution to satisfy such judgment they pro-
cured one Stevens and one Love to execute an undertaking
conditioned as required by said section 1049, that at the
expiration of the stay they would satisfy the judgment.
The writing obligatory signed by Stevens and Love, how-
ever, was not signed by the judgment debtors Bowlby and
Knox.    It would seem from reading the opinion, although
it is not so stated therein, that the justice of the peace re-
fused to issue an execution on this judgment after the exe-
cution of the writing obligatory by Stevens and Love, and
that Strange applied to this court for a writ of *mandamus*
to compel him to do so, claiming that the bond, undertak-
ing, or writing obligatory, executed by Stevens and Love
for the purpose of staying the issuing of an execution on
the judgment, was void because not signed by the defend-

ants to the judgment; and the court held that a bond or undertaking executed in pursuance of said section 1049 of the Code need not be signed by the judgment debtor. This conclusion of the court was based on the language of the section that such "undertaking shall be entered on the docket of the justice and be signed by the surety." It will thus be seen that *State v. Cochran, supra,* is not an authority in point in the case at bar.

In other words, the two cases cited by counsel simply decide this: The case in 7 Neb., that an instrument in writing executed in pursuance of section 481 of the Code, as it once existed, for the purpose of staying the issuing of an execution on a judgment, to have that effect and be valid and bind the signers thereof, must be signed by the judgment debtor. The case in 28 Neb., that an instrument executed in pursuance of section 1049 of the Code of Civil Procedure, for the purpose of staying the issuing of an execution on a judgment, to have that effect and to be valid, need not be signed by the judgment debtor. But neither of these cases go to the length of holding that where the word "bond" is used in our statutes or Code, the term is to be necessarily given the full meaning it had at common law. A bond at common law to be valid had to be in writing and to be under seal, and the legislature, by using the word "bond," in section 1030 of the Code of Civil Procedure, did not mean a writing obligatory such as would come within the meaning of a bond at common law.

The writing obligatory made the basis of this suit, whether it be called a bond or an undertaking, conforms to the statute in every essential particular. The statute does not prescribe any form of such bond, but it does prescribe the conditions of such bond, and fixes the measure of damages of the signers thereof. We do not decide that a bond executed in pursuance of said section 1030, to be valid, must be signed by the defendant against whom the judgment of restitution is rendered, but if such is the correct construc-

tion of the section the instrument in suit complies therewith. But we do decide that a writing obligatory, whether it be called a bond or an undertaking, executed in accordance with the provisions of said section 1030, and for the purposes mentioned in said section, is not void because no specific sum of money is specified in such writing obligatory as a penalty. The assignment of error must be overruled.

2. As already stated, Boggs & Hill alleged in their petition in the district court that the judgment they had obtained against Horen before the justice of the peace had been affirmed on appeal by the district court. The defendants Horen, Morrison, and O'Keefe, in their answer, admitted that Horen had perfected in the district court his appeal from the justice of the peace, but denied that such judgment had ever been affirmed by the district court. Boggs & Hill, to prove their allegation that the district court had by its judgment affirmed the judgment of the justice of the peace, put in evidence a duly certified copy of an order made by the district court in a case entitled "George H. Boggs et al. v. Henry P. Horen et al." The material parts of this order were and are in words and figures as follows:

"This cause coming on to be heard upon the application of Mary Horen, praying that the judgment heretofore rendered herein in favor of plaintiffs and against defendants be set aside and claiming in a petition of intervention filed by the said Mary Horen that she was the owner of a certain building situated upon the real estate described in the complaint herein, and the court being fully advised in the premises, after hearing the testimony of the said Mary Horen and other witnesses on her behalf, and witnesses on behalf of the said plaintiffs, finds for the said plaintiffs.

"The court further finds that the said Mary Horen has wholly failed to prove her case, and that said building situated upon said premises was not and is not owned by her, and that the said plaintiffs have lawful right to remove said

Morrison v. Boggs.

house from said premises under a judgment for restitution obtained by said plaintiffs against said defendants at a former term of said court.

"Wherefore it is adjudged and considered that the said plaintiffs have restitution of the premises .described in the judgment of this court, and that said writ of restitution be issued and served on the 20th day of September, 1890, and that plaintiffs have and recover their costs in this proceeding, taxed at $———.''

. This was the only evidence offered or given to prove the issue made by the pleadings as to the affirmance by the district court of the judgment of the justice of the peace rendered against Horen and from which he appealed. We do not think this evidence sufficient to establish such issue. It does not purport to be a judgment in favor of Boggs & Hill against Henry P. Horen rendered in the forcible detainer suit. It seems to be an order or a judgment rendered by the district court on a petition of intervention filed in the action of Boggs v. Horen by one Mary Horen. The evidence shows that the case appealed from the justice of the peace was docketed in the district court. Was the action tried in the district court? If so, on what pleadings? Was a finding or verdict returned? If so, what were they? Was a judgment rendered on the finding or verdict made? If so, what was that judgment? Was the appeal for any reason dismissed and the judgment thereby affirmed? If so, where is the judgment of dismissal? Where an appeal is taken to the district court and it is claimed that the action was there tried, a finding made or verdict returned, and a judgment pronounced thereon, such facts can be proved by a certified copy of, the record of the proceedings in such case. For the reason that the judgment of the district court is not sustained by sufficient competent evidence it is reversed and the cause remanded.

REVERSED AND REMANDED.