THOMAS H. MCCAGUE, RECEIVER, V. CITY OF OMAHA.

FILED FEBRUARY 23, 1899.   No. 8672.

1. **Tax Sales:** RECOVERY OF PAYMENTS BY PURCHASER.   In absence of statutory authority a city of the metropolitan class cannot be required to refund money received from a purchaser of real estate at a sale made thereof by the county treasurer for illegal special assessments or taxes imposed by the city. *Pennock v. Douglas County*, 39 Neb. 293, and *Merrill v. City of Omaha*, 39 Neb. 304, followed.

2. ———: ———.   Sections 69 and 94, chapter 12*a*, Compiled Statutes 1889, and section 144 of chapter 77 do not authorize the recovery from a metropolitan city of moneys received by it under a tax sale made to enforce the collection of illegal special taxes levied by the municipality.

3. ———: ———: CAVEAT EMPTOR.   The rule of *caveat emptor* applies to purchasers of real estate at tax sales.

ERROR from the district court of Douglas county. Tried below before DICKINSON, J.   *Affirmed*.

*R. W. Breckenridge*, for plaintiff in error:

The statutes contain numerous provisions which require void taxes to be refunded to the payer thereof. (*Touzalin v. City of Omaha*, 25 Neb. 817; *Morris v. Merrell*, 44 Neb. 423; *Caldwell v. City of Lincoln*, 19 Neb. 569; *Chicago, B. & Q. R. Co. v. County of Nemaha*, 50 Neb. 393; *Supervisors v. United States*, 4 Wall. [U. S.] 435; *Galena v. Amy*, 5 Wall. [U. S.] 705; *City of Indianapolis v. McAvoy*, 86 Ind. 587; *People v. Commissioners of Buffalo County*, 4 Neb. 150; *State v. Farney*, 36 Neb. 537; *People v. Supervisors*, 36 How. Pr. [N. Y.] 1; *King v. Inhabitants of Derby*, Skin. [Eng.] 370; *King v. Barlow*, 2 Salk. [Eng.] 609; *Backwell's Case*, 1 Ver. [Eng.] 153; *People v. Supervisors*,

51 N. Y. 401; *Phelps v. Hawley,* 52 N. Y. 23; *People v. Supervisors,* 68 N. Y. 114; *People v. Common Council,* 140 N. Y. 300; *Inhabitants of Veazie v. Inhabitants of China,* 50 Me. 518; *Milford v. Orono,* 50 Me. 529; *Kellogg v. Page,* 44 Vt. 356; *Hayes v. Los Angeles County,* 99 Cal. 74; *Ralston v. Crittenden,* 13 Fed. Rep. 508.)

There is a clear and sharp distinction between a sale which is void because the tax is void, and a sale void for irregularities in procedure which defeat the title of the purchaser. (*Lynde v. Inhabitants of Melrose,* 10 Allen [Mass.] 49; *Churchman v. City of Indianapolis,* 110 Ind. 259; *State v. Casteel,* 110 Ind. 174; *Casselbury v. Piscatawa Township,* 43 N. J. Law 353; *Mayor of Jersey City v. Riker,* 38 N. J. Law 225; *Budge v. City of Grand Forks,* 1 N. Dak. 309.)

Money paid for void taxes can be recovered back at common law. (*Town of Virden v. Needles,* 98 Ill. 367; *City of Covington v. Voskotter,* 80 Ky. 220; *Lincoln v. Worcester,* 8 Cush. [Mass.] 55; *Wright v. Boston,* 9 Cush. [Mass.] 233; *Wells v. Chicago,* 66 Ill. 280; *Rogers v. Greenbush,* 58 Me. 390; *Newman v. Livingston County,* 45 N. Y. 676; *Bank of Commonwealth v. Mayor,* 43 N. Y. 184; *Mayor of Jersey City v. Riker,* 38 N. J. Law 225; *Tuttle v. Everett,* 51 Miss. 27; *City of Galveston v. Sydnor,* 39 Tex. 236.)

Money paid under mistake may be recovered. (*Alston v. Richardson,* 51 Tex. 1; *Koontz v. Central Nat. Bank,* 51 Mo. 275; *Devine v. Edwards,* 87 Ill. 177; *City of Indianapolis v. McAvoy,* 86 Ind. 587; *City of Louisville v. Henning,* 1 Bush [Ky.] 381; *City of Covington v. Powell,* 2 Met. [Ky.] 226; *City of Louisville v. Zanone,* 1 Met. [Ky.] 151; *Ray v. Bank of Kentucky,* 3 B. Mon. [Ky.] 513; *Underwood v. Brockman,* 4 Dana [Ky.] 309; *City of Louisville v. Anderson,* 79 Ky. 334; *Northrop v. Graves,* 19 Conn. 548; *Walker v. Conant,* 65 Mich. 194; *Fraker v. Little,* 24 Kan. 598.)

The doctrine *caveat emptor* is not applicable to the facts of this case. (*Hayes v. Los Angeles County,* 99 Cal. 74; *Phelps v. Mayor,* 112 N. Y. 216; *Loomis v. Los Angeles County,* 59 Cal. 456; *Clapp v. Pine Grove Township,* 138

Pa. St. 42; *Mayor of Jersey City v. Riker*, 38 N. J. Law 225; *Corbin v. Davenport*, 9 Ia. 239.)

*Saunders & Macfarland*, also for plaintiff in error.

*W. J. Cornell, Lee S. Estelle*, and *E. H. Scott, contra.*

NORVAL, J.

The facts upon which this action was predicated may be summarized thus: The city of Omaha opened and extended South Nineteenth street through Hartman's Addition, and to pay the costs and expenses thereof the municipal authorities levied special assessments upon the adjacent lots, including lots 60, 61, 66, 67, 72, 73, and 78 in said Hartman's Addition to the city of Omaha. These special taxes or assessments not having been paid by the lot owners at the time the same became delinquent, the lots heretofore mentioned were sold by the county treasurer to Edward B. Baer, at private sale, for said special assessments. Subsequently said special taxes were adjudged null and void, and the purchase-money having been paid by the county treasurer to the city of Omaha, Edward B. Baer instituted this action against the city to require it to return said purchase-money. Plaintiff has prosecuted error from the judgment rendered against him. In this court Thomas H. McCague, as receiver of the German Savings Bank of Omaha, was substituted as plaintiff.

It is insisted by the city attorney that the precise question herein involved was decided adversely to the contention of this plaintiff in *Pennock v. Douglas County*, 39 Neb. 293, and it is agreed that the court below determined this case on the authority of that decision. The correctness of the rule announced in *Pennock v. Douglas County, supra*, is denied by plaintiff. It was there decided that in the absence of statutory authority a city of the metropolitan class cannot be required to refund money which it has received from a purchaser of real estate at a sale

made thereof by the county treasurer for a special assess-
ment or tax levied by the city, and for which special as-
sessment or tax said real estate was not liable. It was
also held in that case that the rule of *caveat emptor* ap-
plies to a purchaser at a tax sale. It is now strenuously
argued in the brief of counsel for plaintiff that the court
in the *Pennock Case* incorrectly assumed that there was
no statute under which one paying an illegal or void
city tax may recover the same from the municipality. In
this the learned counsel is in error. The court assumed
no such proposition; but what it did hold was that there
was no statute which authorized a metropolitan city to
refund to a tax purchaser money paid on the sale of real
estate for void special assessments, and upon an investi-
gation of the subject anew, aided by able argument of
counsel, we discover no valid reason for changing our
views upon the question. An examination of the argu-
ments advanced by plaintiff's counsel will disclose that
they are fallacious.

Attention is challenged to the following provisions of
section 69, chapter 12*a*, of Compiled Statutes 1889, popu-
larly known as the "Charter of Metropolitan Cities":
"Any party feeling aggrieved by any such special tax or
assessment or proceeding may pay the said special taxes
assessed or levied upon his, her, or its property, or such
installments thereof as may be due, at any time before
the same shall become delinquent, under protest and with
notice in writing to the city treasurer that he intends to
sue to recover the same back, which notice shall particu-
larly state the alleged grievance and grounds thereof,
whereupon such party shall have the right to bring a
civil action within sixty days thereafter, and not later,
to recover back so much of the special taxes paid as he
shall show to be illegal, inequitable, and unjust, the cost
to follow the judgment or to be apportioned by the court
as may seem proper, which remedy shall be exclusive.
The city treasurer shall promptly report all such notices
to the city council for such action as may be proper."

The first observation which we make of the foregoing provisions is that they had been repealed prior to the time, and were not in force, when plaintiff purchased the lots for the special taxes assessed against them. Moreover, these provisions have no application to the case at bar, and cannot be invoked by a purchaser at a tax sale. They conferred authority upon one paying illegal special taxes under protest and notice in writing to the city treasurer to bring an action against the city within sixty days thereafter to recover from the city such illegal taxes so paid by him. Plaintiff is not within the provision of this statute, since he did not pay these special assessments at all, much less under protest, but purchased the lots at treasurer's sale. Again, he did not institute this action within sixty days after his said purchase, so in no event is he in a position to invoke the statute under consideration.

The following portion of section 94, chapter 12a, Compiled Statutes, is relied upon by plaintiff: "The city council may at any time correct any error or defect, or supply any omission in the assessment or listing of any property subject to municipal tax made for the purpose of taxation for the then current fiscal year, and may require any and all persons to appear and answer under oath as to their possession or control of personal property subject to municipal taxation; and the mayor and council by ordinance may make such compromise, settlement, or adjustment of any action or litigation concerning the validity, legality, or regularity of any tax or taxes levied for city purposes, as they may deem just and expedient, and the city treasurer shall conform thereto in his action respecting the collection of taxes under any tax list in his hand. These provisions shall apply to general municipal taxes and to special assessments, as far as the same are applicable, unless otherwise provided in the ordinance levying the same." We discover nothing in the above provision which justifies the maintaining of the present suit. It would require either a great stretch of the imagination

or radical judicial legislation to make said section applicable to a purchaser at tax sale. A mere reading of the section is sufficient to disclose that it has no bearing upon the question now before the court. Certainly the power given the city council to correct an error in the assessment or listing of property for the purposes of taxation does not carry with it the power to refund money received by the treasurer from the purchaser at a tax sale. The authority of the mayor and council to compromise or settle "any action or litigation concerning the validity, legality, or regularity of any tax levied for city purposes" was given with reference to actions or litigations concerning the collection of the public revenues, and has no application to suits relating to the disbursements of moneys which have been paid into the treasury. This position is strengthened by the fact that the remainder of the same sentence from which the last quotation was taken declares that "the city treasurer shall conform thereto in his action respecting the collection of taxes under any tax list in his hand." It is very evident this suit is not within either the letter or spirit of said section 94.

Another argument is that this action is maintainable under the second proviso of section 144 of the general revenue law (Compiled Statutes, ch. 77), which reads as follows: "If such person claim the tax, or any part thereof, to be invalid for the reason that it was levied or assessed for an illegal or unauthorized purpose, or for any other reason, except as hereinbefore set forth, when he shall have paid the same to the treasurer, tax collector, or other proper authority, in all respects as though the same was legal and valid, he may at any time, within thirty days after such payment, demand the same, in writing, from the treasurer of the state, of the county, city, village, township, district, or other subdivision, for the benefit, or under the authority, or by the request of which the same was levied, and if the same shall not be refunded within ninety days thereafter, may sue such

county, city, village, township, district, or other subdivision for the amount so demanded; and if upon the trial it shall be determined that such tax, or any part thereof, was levied or assessed for an illegal or unauthorized purpose, or was for any reason invalid, judgment shall be rendered therefor, with interest, and the same shall be collected as in other cases." It is urged that the foregoing is applicable to the case in hand, and *Caldwell v. City of Lincoln,* 19 Neb. 569, is cited in support of this contention. The above excerpt from said section 144 was considered in the *Caldwell Case,* and it was there ruled that it authorized the recovery from a municipal corporation of an illegal business tax paid under protest; and by a parity of reasoning it would seem that said section might justify a suit to recover special taxes and assessments paid which have been paid under protest. We did not hold a contrary doctrine in *Pennock v. Douglas County,* 39 Neb. 293. Said section 144 can avail the plaintiff nothing, because he has paid no illegal assessments under protest. He was not required to either pay the special taxes against the lots in question, nor to purchase the property at tax sale. He voluntarily purchased the lots for the amount of the illegal taxes imposed thereon, and he has no one but himself to blame for the loss. He cannot recover the amount back. (*Dixon County v. Beardshear,* 38 Neb. 389.) The rule of *caveat emptor* applies to him. (*Pennock v. Douglas County, supra; Merrill v. City of Omaha,* 39 Neb. 304; *Adams v. Osgood,* 42 Neb. 450.)

No statutory provision has been pointed out which permits a municipal corporation to hold a purchaser at a tax sale harmless, and without legislative enactment of that character, this action is not maintainable. We are fortified in this conclusion by legislative interpretation. By section 131, chapter 77, Compiled Statutes, the law-making body has conferred power upon the counties to reimburse purchasers at tax sales in certain cases by paying them the amount of the purchase-money, interest, and costs, thus indicating that the legislature regarded that

county boards possessed no such power independent of said section 131. The judgment is

AFFIRMED.