GREENWOOD C. ARNOLD *vs.* CITY OF AUGUSTA.

Kennebec.    Opinion December 15, 1919.

*General rule relative to right of purchasers of tax deeds or titles to recover money paid for same when title proves defective.*

Action for money had and received to recover a sum paid by plaintiff to defendant as consideration for a tax deed, which deed conveyed no title because of irregularities in assessing the tax.

*Held:*

1.  In many states provision by statute has been made so that the purchase money paid at a tax sale shall be refunded to the purchaser if the title conveyed proves to be invalid, and a right of action against the municipality is provided if the refund is refused, but at common law the purchaser at a tax sale assumes the risks of his purchase.    Therefore, in the absence of special legislation to the contrary he comes within the rule of caveat emptor, and if his title proves worthless he cannot recover the money from the municipality.

2.  Our Legislature has provided no statute requiring a refund of money paid for a tax deed, based on defective proceedings in assessing a tax, nor is there any statutory authority in this State, for bringing an action against a municipality to compel such refund.    The motion to set aside the verdict, as against law, must be sustained, but the exceptions need no consideration.

Action for money had and received. · Defendant filed plea of general issue.    Verdict for plaintiff.    Defendant filed motion for new trial; also exceptions to certain rulings of presiding Justice.    Judgment in accordance with opinion.

Case stated in opinion.

*William H. Fisher*, for plaintiff.

*Melvin E. Sawtelle*, for defendant.

SITTING:    CORNISH, C. J., PHILBROOK, DUNN, MORRILL, DEASY, JJ.

. PHILBROOK, J.    Previous to the year nineteen hundred twelve a real estate tax was assessed, by the proper officers of the defendant city, upon a certain piece of land within its borders.    In March of

that year, the tax remaining unpaid, the plaintiff interviewed the City Treasurer to ascertain whether the municipality would sell the land to him, and give him what is commonly known as a tax deed. As a result of that interview the City Council, on May 20, 1912, voted "That the city treasurer be authorized and directed, upon payment to him for the use of the city a sum of not less than two hundred dollars, to execute on behalf of the city a quitclaim of all its right, title and interest in and to" the land in question.   On May 27, 1912, such conveyance was made and executed in behalf of the city by its then existing Treasurer.   The plaintiff paid two hundred dollars to the City Treasurer and in due time received the tax deed.   Subsequently it appeared that there were irregularities in the assessment of the taxes, of such a nature that the assessment was void, and hence the city had no authority to sell the land, for the purpose of enforcing the collection of the assessed tax.   The plaintiff then brought this action against the city for money had and received and obtained a favorable verdict from a jury.   The defendant presents a motion for a new trial and exceptions to certain rulings of the learned justice in the court below.   The fundamental question is whether the plaintiff can maintain this action.

In many states provision by statute has been made so that the purchase money paid at a tax sale shall be refunded to the purchaser if the title conveyed proves to be invalid, and a right of action against the municipality is provided if the refund is refused, but at common law the purchaser at a tax sale assumes the risks of his purchase. Moreover the power of an officer to sell is a naked power, statutory, and not coupled with an interest, and the purchaser is bound to inquire whether it is rightly exercised.   Therefore, in the absence of special legislation to the contrary he comes within the rule of caveat emptor, and if his title proves worthless he cannot recover the money from the municipality.

These principles have become so firmly established by the decisions of various courts that there is no longer left any doubt as to the fixed law upon the subject.   "It is a firmly settled general rule that the purchaser at a tax sale buys at his own risk, and that, if the sale proves ineffectual, he cannot, in the absence of an express statute, recover from the county the money paid by him.   The payment is regarded as a voluntary one, and he assumes all risks; for, as in judicial sales, there is no warranty in tax sales.   Where an action is

brought to recover money paid on the purchase of property at a sale, the party asking that it be refunded must show a statute providing that it shall be paid back to him." *State* v. *Casteel*, 11 N. E., (Indiana) 219, citing various cases.

In *City of Logansport* v. *Humphrey*, 84 Indiana, 467, it was said "The general rule is beyond dispute that the purchaser at a tax sale assumes all risk, and, except as he may be vested by force of statutory provision with a lien which the city or municipality holds against the property of the delinquent tax payer, he is without remedy if he fails to obtain a good title under his purchase. The doctrine of caveat emptor applies to such sales in its fullest force."

The Nebraska Court in *Martin* v. *Kearney County*, 87 N. W. 351, holds that the rule of caveat emptor applies to purchasers of real estate at tax sales, and quoting from *McCague* v. *City of Omaha*, 78 N. W., 463, says "He (the purchaser) was not required to either pay the special taxes against the lots in question nor to purchase the property at tax sale. He voluntarily purchased the lots for the amount of the illegal taxes imposed thereon, and he has no one but himself to blame for the loss. He cannot recover the amount back."

A leading case is that of *Pennock* v. *Douglas County*, 39 Neb., 293, made the subject of an extensive note in 42 Am. St. Rep., 579, where the authorities upon this subject are collected and discussed with much clearness and conclusiveness. The annotater, from a review of the cases, says "There seems to be no common law liability of either town, city, county or state for money received at a void tax sale, and therefore no obligation to refund it . . . . The purchaser at a tax sale, buying, as he does, property from a person who is not the owner of it, comes strictly and rigidly within the rule of caveat emptor; and if his title fails he cannot, except by virtue of some statutory provision, recover either the amount paid upon his purchase or damages for the illegal sale after he has been ejected by the owner, and the maxim applies to all tax sales whether made for the benefit of a town, city, county or state."

Our own court appears to have given sanction to this doctrine in at least two early cases.

In *Treat* v. *Orono*, 26 Maine, 217, when discussing the right to recover consideration paid for a tax deed, the court said, "To allow a person to purchase at such a sale, as he often may, a valuable estate for a trifling sum, and to take a deed from the collector without coven-

ants of title, and to become the absolute owner of the estate, if the title thus acquired should prove to be good, and if not good to recover back the consideration paid, with interest, and thus to derive all possible advantage from the contingency, without being subjected in any event to a loss, would present a case anomalous as a business transaction, showing that it could not have been the intention of the parties."

In *Packard* v. *New Limerick*, 34 Maine, 266, Chief Justice Shepley speaking for the court says, "When the purchaser acquires a good title, he is compensated for his risk by being allowed at the rate of twenty per cent for the use of his money, if the lands are redeemed, and if they are not, by becoming the owner of the lands, usually for a small part of their value. When the title does not prove to be good he may be subjected to a loss of the amount paid for it. The town assumes no part of the risk and does not become responsible for the goodness of the title conveyed to the purchaser, who must rely upon the covenants contained in the deed of the collector. The lands sold not being the property of the town, it can derive no benefit from the failure of the title to the purchaser. If required to compensate the purchaser for his loss of title, it would lose the amount of the taxes assessed upon the lands, and the risk respecting the title would be shifted from the purchaser, who had been paid for assuming it, to the town, which might be subjected to numerous suits, and be unable to know the actual condition of its financial concerns."

Our Legislature has provided no statute requiring a refund of money paid for a tax deed, based on defective proceedings in assessing a tax, nor is there any statutory authority in this State, for bringing an action against a municipality to compel such refund. The motion to set aside the verdict, as against law, must be sustained, but the exceptions need no consideration.

> *Exceptions not considered.*
> *Motion sustained.*